IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES BRYANT PHIFER,

        Plaintiff,

    v.

SECRETARY UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

        Defendant.

No. CIV S-08-0299 LKK DAD PS

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se on a civil rights complaint arising from alleged housing discrimination.[1] The case came before the court on August 29, 2008, for the hearing of defendant's motion to dismiss for lack of subject matter jurisdiction. Bobbie J. Montoya, Esq. appeared on behalf of the moving party. Plaintiff was not present but communicated with the court by voice mail message on the morning of the hearing. In that message plaintiff indicated that he was unable to appear telephonically, as previously arranged, and would accept the consequences of non-appearance. The motion was submitted on the briefs on file.

---

[1] This case has been related to case No. CIV S-07-0747 LKK DAD PS, in which plaintiff alleges housing discrimination claims against the Sacramento Housing and Redevelopment Agency and its executive director.

Upon consideration of all written materials filed in connection with defendant's motion, and the entire file, the undersigned recommends that defendant's motion be granted and this action be dismissed.

## PLAINTIFF'S CLAIMS

Plaintiff's complaint was filed in the United States District Court for the District of Columbia on January 10, 2008. On February 8, 2008, the case was transferred to the United States District Court for the Eastern District of California.

In the first paragraph of his complaint, plaintiff alleges jurisdiction founded on (1) federal question, 28 U.S.C. § 1331, (2) the Fair Housing Act (FHA), 42 U.S.C. § 3613, and the (3) Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. § 12133-12202. (Compl. at 1.)

Plaintiff alleges that in January of 2006 he filed a written complaint with the Department of Housing and Urban Development (HUD) at its Office of Fair Housing and Equal Opportunity in San Francisco. He complained to HUD that the Sacramento Housing and Redevelopment Agency (SHRA) wrongfully denied his request for reasonable accommodation under the ADA and changed his enrollment date in a housing program by three years to prevent him from obtaining housing under that program. Plaintiff further alleges that his HUD complaint was handled as follows: an Equal Opportunity Specialist interviewed him in March 2006, made copies of documents, and took photographs; in May 2006 he received a Determination of No Reasonable Cause, a Preliminary Letter of Finding of Compliance, and a Letter of Finding of Compliance; in July 2006 he submitted objections and requested a review of the preliminary finding; in August 2006 he submitted an amendment to his request with additional documentation; in March 2007 he received a Formal Determination Sustaining Preliminary Letter of Findings. (Compl. at 1-2.)

Plaintiff claims that defendant Secretary (1) denied him a fair investigation, (2) conspired with SHRA to cover up evidence proving his claims, (3) discriminated against him

because he is black and disabled, (4) violated his rights to due process and to be free from harassment, coercion, and intimidation, (5) abused its power by using its authority to persecute him, (6) uses housing programs to profile and segregate participants, and (7) fails to carry out its duty to administer programs within its jurisdiction in a manner that insures equal protection of the law.  (Compl. at 2.)

Plaintiff prays for forty million dollars in punitive, compensatory, and statutory damages for discrimination, denial of due process, mental pain and suffering, harassment, coercion, and intimidation.  (Compl. at 3.)  Plaintiff suggests that "the court take some type of affirmative action to see that Defendants prohibited behavior does not continue" but does not request relief in the form of any specific order.  (Compl. at 3.)

ANALYSIS

I. Legal Standards Applicable to Defendant's Motion to Dismiss

Defendant's motion has been brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Rule 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  When the motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations.  Id.  For such a motion, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  Plaintiff has the burden of proving that jurisdiction does in fact exist.  Thornhill Publ'g Co., 594 F.2d at 733.

/////

II. <u>Discussion</u>

Defendant argues that the court lacks subject matter jurisdiction over this action because sovereign immunity protects the federal government where there is no applicable waiver of that immunity.

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." <u>Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands</u>, 461 U.S. 273, 287 (1983). "The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities." <u>Hodge v. Dalton</u>, 107 F.3d 705, 707 (9th Cir. 1997). Thus, no federal agency can be sued unless Congress has explicitly waived that agency's immunity. <u>Gerritsen v. Consulado General de Mexico</u>, 989 F.2d 340, 343 (9th Cir. 1993); <u>City of Whittier v. U.S. Dep't of Justice</u>, 598 F.2d 561, 562 (9th Cir. 1979). If the defendant is a government officer or employee acting within his or her official capacity, the suit is essentially a suit against the United States and the officer or employee cannot be sued if no jurisdiction exists over the United States. <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985).

Simply put, no court has jurisdiction to award relief against the United States, its agencies, or its officers and employees acting within their official capacities unless the requested relief is expressly and unequivocally authorized by federal law. <u>United States v. King</u>, 395 U.S. 1, 4 (1969) (citing <u>United States v. Sherwood</u>, 312 U.S. 584 (1941)). When conditions are attached to any legislation that waives the sovereign immunity of the United States, "those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." <u>Block</u>, 461 U.S. at 287. <u>See</u> also <u>Cato v. United States</u>, 70 F.3d 1103, 1107 (9th Cir. 1995) ("The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.").

The question of sovereign immunity is properly raised by motion to dismiss for lack of subject matter jurisdiction because "[w]hether the government waives its sovereign

4

immunity is a question of subject matter jurisdiction." Blue v. Widnall, 162 F.3d 541, 544 (9th Cir. 1998) (citing Sherwood, 312 U.S. at 586). Absent a waiver of sovereign immunity, a claim against the United States, a federal agency, or a federal officer or employee acting in his or her official capacity must be dismissed for lack of subject matter jurisdiction. Gilbert, 756 F.2d at 1458.

The plaintiff in a lawsuit against the United States, a federal agency, or a federal officer or employee acting in his or her official capacity "must point to an unequivocal waiver of sovereign immunity." Blue, 162 F.3d at 544. Accordingly, this court turns to an analysis of the jurisdictional bases alleged by plaintiff in order to determine whether sovereign immunity has been waived with respect to plaintiff's claims and, if so, whether the terms of that waiver will permit this court to entertain any of plaintiff's claims.

A. Jurisdiction Based on Federal Question, 28 U.S.C. § 1331

Under 28 U.S.C. § 1331, federal district courts have jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States, i.e., actions that raise "a federal question." The statute is utterly silent with regard to waiver of sovereign immunity.

The Ninth Circuit has expressly held that "[s]ection 1331 does not waive the government's sovereign immunity from suit." Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983) (citing Kester v. Campbell, 652 F.2d 13, 15 (9th Cir. 1981)). See also Gilbert, 756 F.2d at 1458 (holding that 28 U.S.C. § 1331 "cannot by itself be construed as constituting a waiver of the government's defense of sovereign immunity"). Thus, where a civil action raising a federal question is brought against the federal government, the plaintiff must point to some other law that contains an unequivocal waiver of the government's sovereign immunity with respect to the claims alleged by plaintiff. In the present case, the mere existence of federal questions does not provide this court with subject matter jurisdiction over plaintiff's claims.

/////

/////

B.  Jurisdiction Based on Fair Housing Act, 42 U.S.C. § 3613

Under 42 U.S.C. § 3613, a private person aggrieved by an alleged discriminatory housing practice or a breach of a conciliation agreement entered into under the FHA may bring a civil action "to obtain appropriate relief with respect to such discriminatory housing practice or breach." 42 U.S.C.§ 3613(a)(1)(A).  By its terms, § 3613(a) permits suits only against persons and entities that engage in discriminatory housing practices or breach a conciliation agreement entered into under the FHA.  Section 3613(e) permits the United States Attorney General to intervene in a private party's enforcement action, if the case is of general public importance, but this provision is not an unequivocal waiver of sovereign immunity.  Under § 3613(c)(2), when the United States Attorney General intervenes in a private person's civil action, the United States will not be entitled to attorney's fees and costs if it is a prevailing party, but if the defendants are the prevailing parties, the United States will be liable for attorney's fees and costs to the same extent as the private party who brought the suit.

Section 3613 does not include an unequivocal waiver of sovereign immunity except as to liability for attorney's fees and costs in the event that the United States Attorney General intervenes and is not a prevailing party.  See Gregory v. South Carolina Dep't of Transp., 289 F. Supp. 2d 721, 726 (D.S.C. 2003) ("Section 3613(c)(2) only relates to attorney's fees and court costs, not liability costs," and [t]hese fees and costs could be awarded when the United States intervenes as a plaintiff, as the FHA allows, not necessarily implying that the United States could be a defendant.").

Moreover, § 3613 does not provide a private right of action for judicial review of a determination by HUD to dismiss an administrative complaint, and plaintiff has not cited any provision of the FHA that provides such a right of action and waives sovereign immunity for such an action.  See Turner v. Secretary of U.S. Dep't of Housing & Urban Dev., 449 F.3d 536, 539-40 n.5 (3rd Cir. 2006) (where HUD determined that there was no reasonable cause to believe that there had been discrimination, the determination was not reviewable pursuant to § 3613);

Godwin v. Secretary of Housing & Urban Dev., 356 F.3d 310, 312 (D.C. Cir. 2004) (finding no express or implied cause of action under the FHA for judicial review when the Secretary declines to issue a charge); NAACP v. Secretary of Housing & Urban Dev., 817 F.2d 149, 153 (1st Cir. 1987) (finding no implied cause of action under the FHA for a claim that HUD failed to administer its programs in a manner that furthered the policies of the FHA); Marinoff v. United States Dep't of Housing & Urban Dev., 892 F. Supp. 493, 496 (S.D.N.Y. 1995) (finding no express or implied right of action against HUD for its alleged failure to adequately investigate plaintiff's complaint).

In the absence of an unequivocal waiver of sovereign immunity, the Fair Housing Act, 42 U.S.C. § 1331, does not provide this court with subject matter jurisdiction over plaintiff's claims.

C. Jurisdiction Based on Americans With Disabilities Act, 42 U.S.C. §§ 12133-12202

Under 42 U.S.C. §§ 12133-12202, persons with disabilities may pursue claims against certain public entities. However, by definition, a "public entity" is a state or local government. 42 U.S.C. § 12131(A) & (B). See Agee v. United States, 72 Fed. Cl. 284, 289 (Fed. Cl. 2006) ("Congress has not waived the Federal Government's sovereign immunity with regard to ADA claims."); Cellular Phone Taskforce v. F.C.C., 217 F.3d 72, 73 (2d Cir. 2000) (holding that the ADA is not applicable to the federal government because "public entity" is defined as a state or local government). A claim for damages from federal defendants under the ADA is barred by the doctrine of sovereign immunity because the statute lacks an unequivocal waiver of the federal government's sovereign immunity. Dufresne v. Veneman, 114 F.3d 952, 954 (9th Cir. 1997).

In the absence of an unequivocal waiver of the United States' sovereign immunity, the ADA, 42 U.S.C. §§ 12133-12202, does not provide this court with subject matter jurisdiction over plaintiff's claims.

/////

CONCLUSION

The undersigned finds that all of plaintiff's claims are barred by the doctrine of sovereign immunity.

Accordingly, IT IS RECOMMENDED that:

1. Defendant's July 21, 2008 motion to dismiss (Doc. No. 15) be granted and plaintiff's complaint be dismissed with prejudice for lack of subject matter jurisdiction; and

2. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty (20)** days after being served with these findings and recommendations, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed within ten days after the objections are served. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 2, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\phifer0299.f&r.mtd