IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRYANT PHIFER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SECRETARY UNITED STATES<br>DEPARTMENT OF HOUSING<br>AND URBAN DEVELOPMENT,<br><br>　　　　Defendant.<br>_____/ | No. CIV S-08-0299 LKK DAD PS<br><br><br><br><br><u>ORDER</u> |

　　　　Plaintiff is proceeding pro se in two cases arising from alleged housing discrimination.[1] In the above-captioned case, plaintiff has recently filed a document titled "Emergency Ex Parte Motion for a Court Order." Plaintiff seeks "an emergency court order for chemical testing from federal law enforcement" on the ground that he "has been and still is being poisoned by Sacramento Housing and Redevelopment Agency (SHRA) or its allies." Plaintiff's motion has not been noticed for hearing and does not include a certificate of service on defendant's counsel.

---

[1] The related case is No. CIV S-07-0747 LKK DAD PS, in which plaintiff alleges housing discrimination claims against the Sacramento Housing and Redevelopment Agency and its executive director.

1

1    A similar motion was previously filed in plaintiff's related case, in which SHRA
2 is one of the defendants. The undersigned noted that plaintiff sought a court order requiring that
3 he be "tested by law enforcement for chemicals."

> This request is supported by several pages of allegations spanning
> several years and multiple states. The motion contains no legal
> authority for the order he seeks. In addition, plaintiff did not notice
> the motion for hearing and did not serve a copy of the motion on
> defendants' counsel. See Local Rules 5-135 & 78-230. For all of
> these reasons, the motion will be denied.

Order filed May 6, 2008, at 2 (case No. CIV S-07-0747 LKK DAD PS). Plaintiff's request for reconsideration of the May 6, 2008 order was denied by the Honorable Lawrence K. Karlton on August 25, 2008.

In his current motion, plaintiff alleges that he "is dosed almost twenty four hours a day . . . [a]ny where he goes in the United States." (Pl.'s Ex Parte Mot. at 3.) Plaintiff alleges that he has sought medical treatment from literally dozens of medical providers, both hospitals and doctors, and that medical treatment has been and is being "blocked." (Id. at 1-2.) Plaintiff does not explain how the order he seeks would protect him from the condition alleged or help him in any way.

Although plaintiff asserts that his present motion has been filed "[p]ursuant to the local and federal rules of civil procedure," plaintiff has not cited any rule that authorizes an order requiring law enforcement officials to conduct chemical testing on demand by a party in a civil case. Plaintiff refers in a conclusory manner to various statutory and constitutional provisions, but none of those provisions provide such authority.

In this action, in which SHRA is not a party, plaintiff seeks a large sum of money from HUD based on his dissatisfaction with the agency's investigation of his complaint against SHRA. Discovery has been stayed by order filed November 24, 2008. The undersigned recently recommended that this action be dismissed for lack of subject matter jurisdiction over plaintiff's claims.

For the reasons set forth in this order, IT IS ORDERED that plaintiff's January 22, 2009 ex parte motion for a court order (Doc. No. 25) is denied.

DATED: February 4, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\phifer0299.expartemot.den

3